# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL ALVAREZ,**<br><br>**Petitioner,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Respondent.** | **CASE NO. 1:03-CR-5014 AWI**<br>**(Civil Case No. 1:16-CV-0918 AWI)**<br><br>**ORDER LIFTING STAY, DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. Nos. 136, 140) |

This is a petition for relief from sentence under 28 U.S.C. § 2255. Petitioner, Michael Alvarez, through his counsel seeks relief based on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Pursuant to a suggestion from the Ninth Circuit in similar cases, the Court stayed this matter in July 2016 pending resolution of three cases before the Ninth Circuit. See Doc. No. 138. On June 23, 2020, Petitioner filed an amended § 2255 petition to raise issues related to *United States v. Davis*, 139 S.Ct. 2319 (2019). See Doc. No. 140. The amended petition states that Petitioner does not ask the Court or the United States to take any action at this time. See id. Although Petitioner does not request that the Court act at this time, a review of the petition and amended petition indicates that action is currently warranted. Therefore, the Court will lift the stay, deny the petition, and deny a certificate of appealability.

*Background*

On February 7, 2005, Petitioner pled guilty to armed bank robbery in violation of 18

1  U.S.C. § 2113(a) and (d) and carrying a firearm during a crime of violence in violation of 18
2  U.S.C. § 924(c)(1).  See Doc. Nos. 94, 95.  Petitioner was sentenced to 188 months imprisonment
3  for the violation of § 2113 and 120 months imprisonment for the violation of § 924(c)(1).  See
4  Doc. No.  95.  The sentences ran consecutively, resulting in a total term of imprisonment of 308
5  months.  See Doc. Nos. 95, 101.  Judgment was entered on April 27, 2005.  See Doc. No. 101.
6        Pursuant to the plea bargain, Petitioner appealed the denial of a motion to suppress.  See
7  Doc. Nos. 94, 97.  On March 17, 2010, the Ninth affirmed the denial of the motion to suppress.
8  See Doc. No. 133.  Petitioner did not appeal his sentence or, except for this pending petition, file
9  any petitions for habeas corpus relief.
10       On June 24, 2016, Petitioner filed this petition seeking relief under *Johnson*.  See Doc. No.
11  136.  On June 23, 2020, Petitioner filed his amended petition invoking *Davis*.  See Doc. No. 140.
12       *§ 2255 Framework*
13       28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a
14  court established by Act of Congress claiming the right to be released upon the ground that the
15  sentence was imposed in violation of the Constitution or laws of the United States ... may move
16  the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255,
17  a district court must grant a prompt hearing to a petitioner in order to determine the validity of the
18  petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and
19  records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. §
20  2255(b).  The court may deny a hearing if the movant's allegations, viewed against the record, fail
21  to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary
22  dismissal.  United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United
23  States, 692 F.2d 565, 571 (9th Cir. 1983).  A petitioner is not required to allege facts in detail, but
24  he "must make factual allegations" and cannot rest on conclusory statements.  Baumann, 692 F.2d
25  at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary
26  hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to
27  relief; and (2) the petition, files, and record of the case cannot conclusively show that the
28  petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

*Petitioner's Argument*

Petitioner argues that § 924(c)(1)(A) provides that anyone convicted of using and carrying a firearm during and in relation to a crime of violence must be sentenced to a term of imprisonment of seven to ten years if a firearm is brandished or discharged, to run concurrently to any other sentence imposed.  A "crime of violence" is defined by § 924(c)(3) through either the "elements clause" of § 924(c)(3)(A) or the residual clause of § 924(c)(3)(B).  Under the reasoning of *Johnson* (and now the express holding of *Davis*), the § 924(c)(3)(B) residual clause is unconstitutionally vague.  Armed bank robbery under § 2113(a) and (d), the predicate offense for Petitioner's § 924 conviction, is not a crime of violence under the § 924(c)(3)(A) elements clause.  Because Petitioner did not commit a "crime of violence" for purposes of § 924, his conviction for violating § 924(c)(1) and the corresponding 120 month consecutive sentence cannot stand.

*Discussion*

Initially, the Court notes that even though Petitioner's conviction became final in 2010, this petition is timely.  28 U.S.C. § 2255(f) sets a one-year limitations period to a file a § 2255 petition.  As relevant here, one of the starting dates for the one-year period is the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  As discussed above, Petitioner seeks relief under *Johnson*, which was decided by the Supreme Court on June 26, 2015, and *Davis*, which was decided by the Supreme Court on June 24, 2019.  *Johnson* applies retroactively.  See Welch v. United States, 136 S.Ct. 1257, 1268 (2016); Ward v. United States, 936 F.3d 914, 916 (9th Cir. 2019).  Although the Ninth Circuit has yet to address the issue, other circuits have concluded that *Davis* applies retroactively.  See United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1097 (10th Cir. 2019); In re Hammond, 931 F.3d 1032, 1038 (11th Cir. 2019).  The Court will follow the holdings of these circuits.  Since Petitioner filed his petition on June 24, 2016, his petition is timely in relation to *Johnson*.  Further, because Petitioner filed his amended petition on June 23, 2020,  his petition is timely in relation to *Davis*.  The petitions comply with the one-year limitation period of § 2255(f)(3).

With respect to the merits of Petitioner's arguments, no relief is appropriate. Section 924(c)(1) prohibits in relevant part the using or carrying of a firearm "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1); United States v. Routon, 25 F.3d 815, 817 (9th Cir. 1994). A "crime of violence" for purposes of § 924(c)(1) is defined in one of two ways, through either the "elements clause" of 18 U.S.C. § 924(c)(3)(A) or the "residual clause" of 18 U.S.C. § 924(c)(3)(B). See 18 U.S.C. § 924(c)(3); United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018). *Davis* declared that § 924(c)(3)(B), the "residual clause," was unconstitutionally vague. Davis, 139 S.Ct. at 2336; United States v. Burke, 943 F.3d 1236, 1238 (9th Cir. 2019). If Petitioner's conviction and sentence were dependent on the application of § 924(c)(3)(B), his arguments and reliance on *Davis* would have merit. However, the "crime of violence" that supports Petitioner's conviction is armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Petitioner contends that armed bank robbery under § 2113(a) and (d) is not a crime of violence under § 924(c)(3)(A). Petitioner is wrong. The Ninth Circuit has expressly held that armed bank robbery under § 2113(a) and (d) is a crime of violence pursuant to the elements clause of. § 924(c)(3)(A). Watson, 881 F.3d at 784-86; see also United States v. Ali, 789 F. App'x 653, 654 (9th Cir. 2020) (following *Watson* and holding that armed bank robbery under § 2113(a) and (d) is a crime of violence under § 924(c)(3)(A)). *Davis* does not impact the § 924(c)(3)(A) elements clause. United States v. Nikolla, 950 F.3d 51, 53 n.4 (2d Cir. 2020). Thus, *Watson* forecloses Petitioner's argument. In light of *Watson*, the Court must deny the petition.

*Certificate of Appealability*

28 U.S.C. § 2253 provides in pertinent part:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention

4

```
           complained of arises out of process issued by a State court;  or
              (B) the final order in a proceeding under section 2255.
        (2) A certificate of appealability may issue under paragraph (1) only if the
    applicant has made a substantial showing of the denial of a constitutional right.
        (3) The certificate of appealability under paragraph (1) shall indicate which
    specific issue or issues satisfy the showing required by paragraph (2).
```

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In the present case, the Court finds there is an insufficient indication that Petitioner has suffered the denial of a constitutional right which would justify the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 483-84.  Given the *Watson* decision and the Ninth Circuit decisions that post-date *Davis* and follow *Watson*'s holding, reasonable jurists would not debate that Petitioner is not entitled to federal habeas corpus relief.   Therefore, the Court will deny a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The stay issued on July 6, 2016 is LIFTED;
2. Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 136) and amended petition (Doc. No. 140) are DENIED; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 24, 2020                                    _____
                                                          SENIOR  DISTRICT  JUDGE